IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN CRISP; JEFFREY MITCHELL and GARLAND WATKINS, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| VICTOR K. HILL, Individually and in his Official Capacity As Sheriff of Clayton County, Ga.; Clayton County, Ga.; Clayton County Sheriff's Office; and SHON HILL, Individually and in his Official Capacity as Chief Deputy of the Clayton County Sheriff's Office, | * * * * * * * * * * | CIVIL ACTION FILE NO. _____ |
| Defendants. | * | |

## COMPLAINT

NOW COME, Brian Crisp, Jeffrey Mitchell and Garland Watkins, Plaintiffs

herein, and hereby submit their Complaint against the above named Defendants and

show the Court the following:

## JURISDICTION AND VENUE

1.

Jurisdiction is conferred on this Court via 28 U.S.C. §§1331 and 1343.

-1-

2.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§90 and 1391 because the Defendants reside in this judicial district and division and the Plaintiffs' claims arose in this judicial district and division.

## PARTIES

3.

Plaintiff Brian Crisp is a Caucasian citizen of the United States entitled to bring actions of this kind and nature. Plaintiff Crisp was initially employed within the Clayton County Sheriff's Office ("CCSO") in 1983. On March 25, 2006, Crisp was transferred to the Clayton County Police Department. On January 1, 2009, Crisp was transferred back to employment within the CCSO.

4.

Plaintiff Jeffrey Mitchell is a Caucasian citizen of the United States entitled to bring actions of this kind and nature. Mitchell was initially employed within the Clayton County Sheriff's Office ("CCSO") in 1988. On July 1, 2007, Mitchell was transferred to the Clayton County Police Department. On January 1, 2009, Mitchell was transferred back to employment within the CCSO.

5.

Plaintiff Garland Watkins is an African American citizen of the United States

entitled to bring actions of this kind and nature. Watkins   was initially employed within the Clayton County Sheriff's Office ("CCSO")  in 1986.  On July 14, 2007 Watkins  was transferred to the Clayton County Police Department. On January 1, 2009,  Watkins  was transferred back to employment within the CCSO.  Watkins was constructively discharged from such employment

6.

The Defendant Victor K. Hill  is an African American citizen of the United States and at all times relevant to this action was the elected   Sheriff of Clayton County, Geogia. Defendant Hill  is sued in both his individual and official capacities. Defendant Hill  may served  with  process  at  his  business  address  of 9157 Tara Boulevard, Jonesboro, Ga., 30236.

7.

The Defendant Shon Hill currently holds the position of Chief Deputy within the Clayton County Sheriff's Office. Defendant S. Hill personally and directly participated in the making and implementation of the unlawfully motivated decisions and actions complained of herein.  Previously, in 2005, Defendant S. Hill was appointed by Defendant V. Hill to an unspecified high ranking position  within the Sheriff's Office. Defendant S. Hill may be served with process at his business address of 9157 Tara Boulevard, Jonesboro, Ga. 30236.

8.

The Clayton County Sheriff's Office ("CCSO"),   though a branch of Clayton County government, is an "unincorporated association" within the meaning of Fed. R. Civ. P. 17 and/or   constitutes a separate and distinct legal entity capable of suing and being sued under the laws of the State of Georgia.  Defendant CCSO may be served with process via service on Sheriff  Hill at his business address of 9157 Tara Boulevard, Jonesboro, Ga., 30236.

9.

The Defendant Clayton County, Georgia, is a political subdivision of the State of Georgia and is a legal  entity which may sue and be sued under Georgia law. Clayton  County is an indispensable party to this action under Fed. R. Civ. P. 19, due to its obligation and duty under Georgia law to provide all funds necessary to the operation of the CCSO.  See, Carver v. Sheriff of LaSalle County, 243 F.3d 379 (7th Cir. 2001).   Clayton County may be served with process via service on Jeff Turner, the Chairman of the Clayton County Board of Commissioners at this business address of 112 Smith Street, Jonesboro, Ga., 30236.

10.

Defendants V. Hill (in his official capacity), the Clayton County Sheriff's Office,  and Clayton County were  at all times relevant to this action were  public

agencies  engaged in an industry that affect commerce  which employed  more than twenty (20) employees and were, therefore,  "employers" within the meaning of Title VII of the Civil Rights Act of 1964.

11.

In his official  capacity as  Sheriff of Clayton  County, Defendant V. Hill is an independent   Constitutional  Officer of Clayton County  and  as  such is the  final policymaking and decision making official of Clayton County  with regards to the work assignments and duties of personnel paid by the County but  assigned to the Clayton County Sheriff's Office. Defendant Hill is likewise the final policymaking and decision making official of Clayton County insofar as probationary promotions to higher positions are concerned; Defendant V.  Hill's decisions and actions in these areas  (work assignments/duties; probationary promotions)  are  not subject  to  the review of any other County official or body.

12.

Defendant V. Hill, in his official  capacity as Sheriff of Clayton County, is possessed of the authority to sue and be sued under the laws of the State of Georgia. All of Defendant V. Hill's actions complained of herein were undertaken as an agent and officer of the Clayton County Sheriff's Office and/or Clayton County

13.

All of the actions complained of herein were taken under color of state and local law, pursuant to the policy and custom of Clayton County, Ga. and/or the Clayton County Sheriff's Office, and/or Defendant V. Hill (acting in his official capacity as Sheriff of Clayton County as an agent acting for the other named Defendants).

14.

Defendants V. Hill (in his official capacity),  CCSO, and Clayton County are or were at the relevant times,  Plaintiffs' "employers" or "joint-employers" in that each of the Defendants  possessed  and/or  exercised  varying degrees of control and authority regarding the terms and conditions of Plaintiffs' employment and/or the specific  events complained of herein.

15.

In his capacity as Sheriff of Clayton County, Defendant V. Hill controls and directs day-to-day assignments and  work conditions of persons employed within the Sheriff's Office,  he does so on behalf of the CCSO and/or Clayton County. Additionally, Clayton County, not Hill or CCSO, established  and controlled  many of the key terms and condition employment of persons employed within the Sheriff's Office,  including establishing minimum qualifications for employment; rates of compensation; work rules governing conduct, discipline, and promotion among other

things, as set forth in a lengthy and highly detailed civil service system maintained and controlled by Defendant Clayton County.  Additionally, persons employed within the Sheriff's Office are  compensated for their  work by Clayton County, not Defendants Hill or CCSO.

16.

At all times pertinent to this matter, the Plaintiffs were included in and protected by the Clayton County Civil Service system, pursuant to which they could be terminated, suspended or demoted only for just cause---after legally sufficient notice and hearing.

## **FACTUAL ALLEGATIONS**

17.

At all times relevant to this action, the positions occupied by the Plaintiffs  in the Sheriff's Office were protected from political patronage via the Clayton County Civil Service System, a legislatively adopted system of personnel management, classification and administration, which specified numerous key terms and conditions of employment for persons paid in whole or in part from funds belonging to Clayton County.

18.

At all times pertinent to this action, the Plaintiffs could not be dismissed or

disciplined absent just cause, and the positions occupied by the Plaintiffs did not require personal or political loyalty to the holder of the Office of Sheriff, did not involve "policy making" functions, did not involve a close working relationship with the Sheriff, and involved only ministerial duties defined by law.

19.

Defendant Victor Hill sought the office of Sheriff of Clayton County in 2004, was elected to said position, and took office initially on January 1, 2005. Subsequently, Defendant V. Hill was defeated for reelection in 2008, but was once again elected to said position in 2012, assuming office once on January 1, 2013.

20.

During the 2004 campaign for Sheriff, Plaintiffs Crisp, Mitchell and Watkins actively supported and advocated the candidacy of Hill's opponent in the election--then Sheriff Stanley Tuggle–and openly and actively opposed the candidacy of Defendant Hill.

21.

Some but not all of the expressive activities engaged in by the Plaintiffs on behalf of Candidate Tuggle included the following:

a)      orally advocating the election of Tuggle to voters within Clayton County at campaign events and elsewhere;

b)      donating money to Tuggle's campaign;

c)      placing campaign yard signs advocating Tuggle's election in their yards;

d)      placing campaign yard signs advocating Tuggle's election in the yards; of other persons;

e)      arranging, attending and helping finance campaign events;

f)      taking out advertisements in the local newspaper advocating Tuggle's election;

g)      going door-to-door throughout the County to express the view to voters that Tuggle was the better qualified candidate;]

h)      passing out campaign literature on Tuggle's behalf that was critical of Defendant Hill.

22.

During the 2004 campaign for Sheriff, in carrying out the activities referenced

Par. 21, Plaintiffs frequently and routinely:

a)      commented to potential voters on the respective qualifications of Tuggle and Hill;

b)      expressed the view that Hill did not possess the qualifications or experience necessary to be Sheriff;

c)      urged potential voters to vote for Tuggle and to lend their support, by way of money and time, to Tuggle's campaign;

d)      expressed the view that then candidate Hill was attempting to persuade county voters to cast their votes based solely racial considerations;

e)      expressed the view that candidate Hill's record of performance as a

Clayton County Police Officer was at best mediocre, and did not warrant his elevation to Sheriff;

f)      attempted to persuade County voters to vote for Tuggle and against Hill.

23.

Attached hereto as Exhibit "1" is a copy of one of the campaign handouts that Plaintiffs passed out during the 2004 election for Sheriff. Therein, it was specifically asserted that:

> Mr. Victor Hill is an African American police officer serving as a detective.   He has approached voters attempting to persuade them to vote solely based on race, not qualifications. He would have you believe that he is the "dynamic" person needed to run the Sheriff's Office and that he would be "tough on crime." We don't think 38 arrests out of 664 criminal cases since 1999 is very dynamic or tough. Do the math and you find that's  less than 6%.

24.

Defendants V. Hill and S. Hill  were  aware, prior to January 1, 2005,  that Plaintiffs engaged the speech activities referenced in Pars. 21-23.

25.

On January 3, 2005, Defendant V.  Hill, he,  acting in concert with Defendant S. Hill,  purported to summarily  terminate the employment of Plaintiffs Crisp, Mitchell, and Watkins, along with 24  other employees assigned to the Sheriff's

Office, although the termination decision concerning Plaintiff Mitchell was rescinded prior to it being implemented. The others persons terminated on January 3, 2005, including Plaintiffs Crisp and Watkins, were marched out of the building, under guard, and in view of armed snipers placed on the roof of the Sheriff's Office.

26.

Soon after the events described in Par. 25,   Defendants V. Hill and S. Hill demoted Plaintiff Mitchell from the position of Lieutenant to the position of Sergeant.

27.

Because the firings referenced in Par. 25 were in blatant violation of the Civil Service System, later in January of 2005,  Sheriff Hill was forced by the Superior Court of Clayton County in a Mandamus proceeding  (the Honorable Ben Miller, Presiding)   to reinstate the 27 persons actually fired on January 3, 2005.

28.

Subsequent the actions described in Pars. 25-27,  during early 2005, Plaintiffs Crisp, Mitchell, and Watkins filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964,  claiming that the adverse actions taken against them in 2005  were based on their race and other protected characteristics.

29.

Defendants V. Hill and S. Hill were aware in early 2005, that Plaintiffs Crisp, Mitchell, and Watkins, had filed charges of discrimination with the EEOC alleging unlawful race discrimination.

30.

Subsequent the events  described above, during early 2005, Plaintiffs Crisp, Mitchell, and Watkins filed proceedings in the United States District Court, Northern District of Georgia, alleging that they had been discriminated against based on their race, in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment (via 42 U.S.C. §1983), and their rights under Title VII of the Civil Rights Act of 1964. Massengale et al v. Hill et al, 1:05-CV-189-TWT; Hill et al v. Hill et al, Civil Action File No 271-CAM. In both actions, Defendants herein V. Hill and S. Hill were named as Defendants.

31.

During the pendency of Massengale v. Hill, Defendant V. Hill was held in Contempt of Court based on his violation of an Order entered by the Court. Defendant Hill was publicly humiliated and severely angered  by such ruling, which was the second time in 2005 Defendant V. Hill was found to be in contempt of Court for having disobeyed court orders regarding personnel actions in the Sheriff's Office.

32.

Ultimately, <u>Massengale v. Hill</u> was settled in 2007 via monetary payments and other non monetary relief, including the transfer of a number of the Plaintiffs from the Sheriff's Office to other County positions. Pursuant to the settlement, Plaintiffs Crisp, Mitchell and Watkins were transferred to positions within the County Police Department.

33.

Defendant V. Hill ran for reelection during 2008, Plaintiffs Crisp, Mitchell, and Watkins actively supported V. Hill's opponent during the 2008 campaign, engaging in the same types of speech/expression activities referenced in Pars. 20-22 above.

34.

Defendant V. Hill was defeated in the 2008 election, and was ultimately replaced by Kem Kimbrough, who took office on January 1, 2009.

35.

After Kimbrough assumed office, Plaintiffs Crisp, Mitchell and Watkins were transferred back from the Police Department to positions within the Sheriff's Office.

36.

During Kimbrough's tenure as Sheriff (2005-2009), Plaintiff Crisp was promoted to the rank of Captain; Plaintiff Mitchell was promoted to the rank of Major;

and Plaintiff Watkins was promoted to the rank of Chief Deputy (the No. 2 position within the Sheriff's Office).

37.

Defendant V. Hill once again ran for Sheriff in 2012. Plaintiffs Crisp, Mitchell and Watkins once again supported Hill's opponent in the election (Kimbrough), engaging once again in the same types of speech/expression activities referenced in Pars. 22-24 above, which activities were known of at the time by Defendants V. Hill and S. Hill.

38.

After Hill defeated Kimbrough in the Democratic primary, Plaintiff Watkins mounted a "write in campaign" for Sheriff. Ultimately, however, Defendant V. Hill won the 2012 election, assuming office once again on January 1, 2013.

39.

Subsequent to January 1, 2013, Defendants V. Hill and S. Hill either directly, or through others, engaged in a retaliatory campaign of severe  harassment and intimidation against Plaintiffs Watkins, Crisp, and Mitchell, which harassment was objectively and subjective hostile and unwelcome, and was inflicted in retaliation for Plaintiffs' having previously protested against Sheriff Hill's discriminatory employment practices, and having participated in proceedings under Title VII of the

Civil Rights Act of 1964.

40

Defendants V. Hill's and S. Hill's campaign of harassment and intimidation against the Plaintiffs included but was not limited to the following:

a)    On Sheriff Hill's first day in office, Defendants V. Hill and S. Hill  took the extraordinary step of dispatching armed  Sheriff's Office deputies to Plaintiff Watkins's home for the purpose of forcibly  seizing the "take home" County vehicle then  assigned to Plaintiff Watkins.

b)    Soon after assuming office in 2013,  Defendant V. Hill named Defendant S. Hill as "Chief Deputy" and stripped Plaintiff Watkins of his duties and responsibilities in that  that position, despite the fact that he continued to be classified as "Chief" under the County's Civil Service Systemen  and was protected in that position by such  Civil Service System.

c)    Subsequent to January 1, 2013, in addition to the foregoing, Defendants V. Hill and S. Hill openly treated Plaintiff Watkins with contempt and disdain, referring to him in official communications merely as "Watkins"—without reference to his rank or position,  assigning him to the supervision of lower ranking employees, including Captains Samuel Smith and Roland Boerher.

d)      Soon after assuming office in 2013, Defendant V. Hill reassigned Plaintiffs Watkins and Crisp to the newly created "Crime Suppression Unit". In such positions, Plaintiffs Watkins and Crisp were required to work 12 hour "night shifts" during which there were ordered to perform functions not commensurate with their rank, training, and experience, including going to various locations in the County and performing surveillance duties, sitting in their car watching gas stations, convenience stores, apartment buildings, and private residences. Plaintiffs Watkins and Crisp were simultaneously stripped of all management responsibilities and duties they previously performed.

f)      On or about March 6, 2013, Defendants V. Hill and S. Hill demoted Plaintiff Crisp from the position of Captain to the position of Lieutenant;

g)      On or about March 6, 2013, Defendants V. Hill and S. Hill demoted Plaintiff Mitchell from the position of Major to the position of Lieutenant.

41.

As a consequence of Defendants' relentless campaign of retaliation and intimidation, Plaintiff Watkins, as would any reasonable person under the circumstances presented, felt compelled to, and did, resign his employment in the

Sheriff's Office,   was thereby constructively terminated from employment.

42.

In taking the actions described in Pars. 40-41, Defendants V. Hill and S. Hill were substantially motivated by the following:

a)    Plaintiffs' respective races (Crisp: White; Mitchell: White; Watkins: Black);

b)    Plaintiffs' having previously protested against unlawful discrimination visited upon them by Defendants V. Hill and S. Hill---via their prior filing of EEOC charges of race discrimination, and acting as Plaintiffs asserting Title VII claims of race discrimination in <u>Massengale v. Hill</u>, 1:05-cv-189 and <u>Hill v. Hill</u>, 1:05-cv-271;

c)    Plaintiffs having previously reported violations of law (unlawful race discrimination) committed by Defendants V. Hill and S. Hill to a government agency, the U.S. Equal Employment Opportunity Commission;

d)    their protected speech and expressive activities referenced in Pars. 21-23 and   37 and 38;

43.

During the tenure of Sheriff Kimbrough, Plaintiff Crisp was assigned to

-17-

investigate various allegations of public corruption against Defendant V. Hill based on actions taken by V. Hill during his initial term as Sheriff (2009-2012).

44.

As a consequence of Crisp's investigative activities, he disclosed violations of laws committed by Defendant V. Hill, to wit: public corruption,   to a government agency, to wit: the Clayton County District Attorney's Office.

45.

The actions taken against Defendant Crisp by the Defendant after Defendant V. Hill took office on January 1, 2013, were in  retaliation for Crisp having disclosed violations of laws (public corruption) committed by Defendant V. Hill.

46.

As a consequence of the unlawful  actions taken by the Defendants against the Plaintiffs herein since January 1, 2013, Plaintiffs  have suffered lost wages and benefits of employment.

47.

As a consequence of the unlawful  actions taken by the Defendants against the Plaintiffs herein since January 1, 2013, Plaintiffs  have suffered severe mental and emotional distress.

48.

No reasonable or competent official in the positions held by Defendants V. Hill and S. Hill after January 1, 2013, could have rationally believed that it was legally permissible to discriminate against the Plaintiffs based on their respective races, or retaliate against the Plaintiffs based on the statutorily protected activities in which they engaged, as enumerated above, or retaliate against them for engaging in the speech and expressive activities in which Plaintiffs engaged in the 2004, 2008, and 2012 campaigns for Sheriff.

49.

The actions of the individual defendants in discriminating against the Plaintiffs based on their respective races was willful and deliberate, thereby authorizing punitive damages against the individual defendants.

53.

The actions of the individual defendants in retaliating against the Plaintiffs based on speech and expressive activity protected by the First Amendment, to wit, expressions of support for candidate Hill's rival candidates for Sheriff and their observations as Sheriff Hill's lack of qualifications for the position of Sheriff, and in the case of Plaintiff Watkins, being a candidate for Sheriff himself, was willful and deliberate, thereby authorizing punitive damages against the individual defendants.

54.

Plaintiffs Mitchell and Crisp filed timely EEOC charges of discrimination and retaliation based on the actions taken against them by the Defendants since January 1, 2013.

55.

Plaintiffs Mitchell and Crisp have received Notices of Right to Sue from the EEOC, and this action is filed within ninety (90) day of such receipt. Plaintiffs Crisp and Mitchell have therefore satisfied all administrative conditions precedent to filing suit under Title VII.

## SUBSTANTIVE ALLEGATIONS

### Count One: Retaliation—Title VII[1]

56.

The 2013 decisions to demote Plaintiffs Crisp, Mitchell and Watkins made and implemented by Defendants V. Hill and S. Hill, were intended to punish Plaintiffs Crisp and Mitchell for having protested against unlawful discrimination and having participated in proceedings under Title VII, constituted violations of the anti-retaliation provisions of Title VII.

---

[1]Count One is asserted by Plaintiffs Crisp and Mitchell against all Defendants *except* the individual defendants.

**Count Two: Title VII Retaliatory Hostile Work Environment[2]**

57.

The retaliatory actions complained of herein, implemented  in retaliation for Plaintiffs having protested against unlawful racial discrimination and having participated in proceedings under Title VII,    were severe and pervasive, were objectively and subjectively unwelcome and hostile, thereby  resulting in the establishment of an actionable  hostile work environment .

**Count Three : Retaliation—42 U.S.C. §1981[3]**

58.

The 2013 demotions of Plaintiffs Crisp, Mitchell and Watkins,  and the 2013 constructive discharge of Plaintiff Watkins—implemented in retaliation for Plaintiffs having protested against unlawful racial discrimination---constitutes violations of 42 U.S.C. §1981.

**Count Four: Retaliation For Protected Speech/Expression-42 U.S.C. §1983[4]**

59.

Defendants' 2013 demotions of Plaintiffs Crisp, Mitchell and Watkins, and the

---

[2]Count Two  is asserted by Plaintiffs Crisp and Mitchell against all Defendants *except* the individual defendants.

[3]Count Three is asserted by all Plaintiffs against only the individual defendants.

[4]Count Four is asserted by all Plaintiffs against all Defendants.

2013 constructive discharge of Plaintiff Watkins—substantially motivated by protected speech during the 2004, 2008, and 2012 campaigns for Sheriff, constitute violations of Plaintiffs' rights under the First Amendment to the United States Constitution, enforceable via 42 U.S.C. §1983.

## Count Five: First Amendment  Retaliatory Hostile Work Environment[5]

60.

The retaliatory actions complained of herein, implemented  in retaliation for protected speech during the 2004, 2008, and 2012 campaigns for Sheriff were severe and pervasive, were  objectively and subjectively unwelcome and hostile, thereby resulting in the establishment of an actionable  hostile work environment .

## Count Six: Georgia Whistleblower Protection Act[6]

61.

The demotions of Plaintiffs Crisp, Mitchell and Watkins, and the constructive termination of Plaintiff Watkins,   were substantially motivated by their having disclosed violations of law (i.e., unlawful race  discrimination in violation of Title VII and the Equal Protection Clause),  by way of filing EEOC charges and acting as

---

[5]Count Five  is asserted by all Plaintiffs against all Defendants.

[6]Count Six is asserted by all Plaintiffs against all Defendants *except* the individual defendants.

Plaintiffs in federal court asserting such claims, and thereby constituted a violation of the Georgia Whistleblower Protection Act, O.C.G.A. §45-1-4.

62.

The demotion of Plaintiff Crisp was substantially motivated by his having disclosed violations of law (ie, public corruption engaged in by Defendant V. Hill) to the Clayton County District Attorney, and thereby constituted a violation of the Georgia Whistleblower Protection Act.

## Count Seven: Race Discrimination—Title VII[7]

63.

The race based demotions of Plaintiffs Crisp, Mitchell and Watkins referred to herein constitute violations of Title VII of the Civil Rights Act of 1964.

## Count Eight  Race Discrimination—42 U.S.C. §1983[8]

59.

The race based demotions of Plaintiffs Crisp, Mitchell and Watkins referenced herein constitute violations their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, enforceable via 42 U.S.C.

---

[7]Count Seven  is asserted by Plaintiffs Crisp and Mitchell against all Defendants *except* the individual Defendants.

[8]Count Eight  is asserted by all Plaintiffs  against all Defendants *except* the individual defendants.

Section 1983.

## **Count Nine: Race Discrimination—42 U.S.C. §1981[9]**

59.

The 2013 race based demotions of Plaintiffs referenced herein constitute violations of Plaintiffs' rights enumerated in 42 U.S.C. §1981.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment as follows:

a)   that process issue;

b)   trial by jury;

c)   that Plaintiffs be awarded back pay and benefits in an amount to be determined at trial

d)   that Plaintiffs be awarded general damages for mental and emotional distress;

e)   that Plaintiffs be awarded punitive damages against the individual defendants;

f)   Temporary, Preliminary, and Permanent injunctive relief requiring Defendant V. Hill to reinstate Plaintiffs to the positions held by them as of January 1, 2013, and ordering V. Hill to cease and desist his practice

---

[9]Count Nine  is asserted by all Plaintiffs against only the individual defendants.

of discriminating against employees based on their race, protected speech, protests against unlawful discrimination and participation in proceedings under Title VII, and disclosures protected under the Georgia Whistleblower Protection Act;

g)      Permanent, Mandatory injunctive relief forbidding Defendant V. Hill from engaging in conduct intended to retaliate against the Plaintiffs for exercising their constitutional and statutory rights.

h)      Such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of September, 2013.


                                        /s/ Harlan S. Miller
                                        Harlan S. Miller
                                        Georgia Bar No. 506709



**Of Counsel:**
Parks, Chesin & Walbert, P.C.
75 Fourteenth Street
Suite 2600
Atlanta, Ga. 30309
(404) 873-8000
(404) 873-8050 (fax)
hmiller@pcwlawfirm.com